■ KATHLEEN CROMWELL et al., Appellants, v LE SANNOM BUILDING CORP., Respondent.—Order, Supreme Court, New York County (Myriam Altman, J.), entered May 7, 1990, which *inter alia,* granted plaintiffs' cross-motion to the extent of vacating a prior order to pay use and occupancy to defendant, and directing that use and occupancy be paid to plaintiffs' counsel, and order of the same court entered November 9, 1990, which *inter alia* granted plaintiffs' motion to reargue and upon reargument adhered to its prior decision, unanimously affirmed, with costs.

Plaintiffs are tenants in an interim multiple dwelling owned by defendant, for which there is no residential certificate of occupancy for the building. The court nevertheless directed plaintiffs to pay monthly use and occupancy to their attorney in escrow during the pendency of this action.

Plaintiffs contend that past use and occupancy should be refunded to them, and that they should not have to pay future use and occupancy because of defendant's failure to have a certificate of occupancy. Multiple Dwelling Law § 302 provides that an owner who has not obtained a certificate of occupancy may not collect rent for the period that the building does not have a valid certificate of occupancy (see, County Dollar Corp. v Douglas, 160 AD2d 537, republished 161 AD2d 370). Respondents argue that the procedures for legalizing an interim dwelling as set forth in Multiple Dwelling Law § 284 are controlling.

Multiple Dwelling Law § 284 (1) (i) (D) requires inter alia that the owner "take all reasonable and necessary action to obtain a certificate of occupancy". Despite the provisions of Multiple Dwelling Law § 302, and despite any possible contrary interpretation of our recent decision in County Dollar (supra), we find that compliance with Multiple Dwelling Law § 284 is sufficient to entitle the owner to collect rent or use and occupancy. Here, the owner filed an alteration application and architectural plans with the Buildings Department, filed a narrative statement with the Loft Board, attended the conference of the New York City Loft Board, and made a payment to the Business Relocation Assistance Corporation. Accordingly, summary judgment was properly denied, as a question of fact exists as to whether the landlord took all "reasonable and necessary action" to obtain a certificate of occupancy. Under the circumstances, the direction that use and occupancy be paid to counsel was proper (see, Corris v 129 Front Co., 85 AD2d 176, 180). Concur—Sullivan, J. P., Milonas, Rosenberger, Asch and Smith, JJ.