McCooe, J.
(dissenting). I respectfully dissent from that part of the majority opinion which granted summary judgment dismissing the tenants’ counterclaim for the return of rent paid when the multiple dwelling did not have a certificate of occupancy. The issue is whether Multiple Dwelling Law § 302 should be construed to authorize a cause of action to recover rent paid during the period the dwelling lacked a certificate of occupancy.
The majority has affirmed the finding of the court below that the owner failed, as a matter of law, to "take all reasonable and necessary action” to comply with Multiple Dwelling Law § 284 (1) (i) and dismissed the petition. Noncompliance with the aforementioned section generally poses a question of fact (Cromwell v Le Sannom Bldg. Corp., 171 AD2d 458), but the absence of proof by the owner justifies the summary relief granted. Noncompliance and a failure to obtain a certificate of occupancy subjects the owner to the penalties of article 8 of the Multiple Dwelling Law, which includes sections 301 and 302. (See, Multiple Dwelling Law § 284 [1] [ii].)
Multiple Dwelling Law § 301 mandates a certificate of occupancy for multiple dwellings with the exception, not present here, of compliance with the Loft Law (Multiple Dwelling Law § 283). Multiple Dwelling Law § 302 (1) (b) states the penalty for not having a certificate of occupancy. "No rent shall be recovered by the owner of such premises for said period, and no action or special proceeding shall be maintained therefor, or for possession of said premises for nonpayment of rent” (emphasis supplied).
Future rent concededly cannot be recovered by the owner. *632 The question is whether the tenants can recover rent paid when the dwelling did not have a certificate of occupancy. The answer requires statutory interpretation to ascertain the intent of the Legislature. Case law, with one exception, interpreting Multiple Dwelling Law § 302 had denied recovery and the majority has relied upon those precedents.
The majority advances two arguments for denying recovery. First, that Multiple Dwelling Law § 302 is penal in nature and should be strictly construed. Second, that Multiple Dwelling Law § 302 "should be harmoniously construed with section 325, which does not allow for the recovery back of rent voluntarily paid in related circumstances where the requisite multiple dwelling registration statement was not filed (Multiple Dwelling Law § 325 [2]).” (Majority opn, at 631.)
Multiple Dwelling Law § 302 should not be strictly construed. Statutes which are penal in nature, but remedial or beneficial to the public, should be liberally or equitably construed so as to effect their purpose. (McKinney’s Cons Laws of NY, Book 1, Statutes § 275; Matter of State of New York v Strong Oil Co., 105 Misc 2d 803, affd on other grounds 87 AD2d 374; Redlich v Capri Cinema, 43 AD2d 27, 31, lv dismissed 33 NY2d 974.) The provisions of the Multiple Dwelling Law were enacted by the Legislature in the public interest. (Multiple Dwelling Law § 2.) The seminal case of Wokal v Sequin (167 Misc 463, 465), relied upon by the majority, which states that "The statute, being a highly penal statute, must be strictly construed” should not be followed.
The majority seeks to "harmoniously construe” Multiple Dwelling Law § 325 with § 302. Multiple Dwelling Law § 325 (2) specifically refers to a proceeding by a resident of an unregistered dwelling to recover back rent voluntarily paid and states that "he shall not thereafter have any claim or cause of action to recover back the rent or installment of rent so paid.” The failure of the Legislature to include any such prohibition in Multiple Dwelling Law § 302 "must be viewed as a matter of legislative design” (Pajak v Pajak, 56 NY2d 394, 397), and "not a matter of mere legislative oversight” (at 397). The absence of any restriction in Multiple Dwelling Law § 302 on recovery of rent paid creates an inference that the Legislature intended to treat the two statutes in a dissimilar manner. (McKinney’s Cons Laws of NY, Book 1, Statutes § 240.) A violation of Multiple Dwelling Law § 301 is clearly more serious than a violation of Multiple Dwelling Law § 325, *633 since the protection of the health and safety of the occupants is involved.
The tenants cite one case which granted a recovery for past rents. (Country Life Apts. v Levi, Sup Ct, NY County, index No. 26514/85, Edwards, J., affd without opn 146 AD2d 973.) Multiple Dwelling Law § 302 was discussed by the motion court in denying the owner’s summary judgment motion for future rent. The tenants’ cross motion for the recovery of past rent on an unjustment enrichment theory was granted in summary fashion without any discussion. The judgment was affirmed without opinion. I examined the motion papers and the briefs submitted on the appeal. The arguments advanced in support of the motion are dissimilar to those in this dissent and the ground relied upon to grant the motion is not clear.
The Multiple Dwelling Law was enacted for the benefit of the public to ensure safe housing. The issuance of a certificate of occupancy by a municipal agency should be some assurance to the occupants and the public that certain building standards have been met. The language of the statute and the penalty imposed clearly shows a legislative intent to deny recovery of rent to owners who lease apartments in a dwelling lacking such certificate. There was no distinction made by the Legislature between recovery for past or future rents. There is no reason for the courts to legislate by limiting the plain statutory language. The owner did not have the legal right to collect rent for the period in question. Having collected it at a time when recovery was not authorized, he must return it.
The next question is from what date was the owner not in compliance with Multiple Dwelling Law § 284 (1)? Ascertaining this date is necessary to determine the period of the owner’s liability for rent paid because of the absence of the certificate of occupancy. This is a factual issue requiring a trial. (Cromwell v Le Sannom Bldg. Corp., supra.) I am aware that the tenant is only seeking the recovery of 10 months’ back rent.
I would deny the motion for summary judgment dismissing the counterclaim and grant partial summary judgment to the extent indicated.
Parness, J. P., and Miller, J., concur; McCooe, J., dissents in a separate memorandum.