OPINION OF THE COURT
Per Curiam.
Order dated August 7, 1992 reversed, with $10 costs, tenants’ second affirmative defense is reinstated, and the matter is remanded for trial in accordance with this decision.
Appellants herein, residential loft tenants of an interim multiple dwelling owned by petitioner landlord, appeal from the dismissal of their second affirmative defense to the petition which seeks possession for appellants’ nonpayment of rent for the months of April through October 1991. The defense asserts that landlord, having failed to comply with the timetable for legalization of commercial lofts used as residences set forth in article 7-C of the Multiple Dwelling Law (Multiple Dwelling Law § 284 [1] [i]), is barred from maintaining this summary proceeding or otherwise collecting accrued and unpaid rent by the provisions of article 8 (Multiple Dwelling Law § 301 [1]; § 302 [1] [b]).
Civil Court struck appellants’ defense on the basis of subsequent legislative amendments to various provisions of article 7-C enacted on June 29, 1992, and July 17, 1992 (L 1992, chs 227, 410). These amendments, declared to "take effect immediately” and to be retroactive to June 21, 1992, added, inter alia, a new paragraph (ii) to subdivision (1) of Multiple Dwelling Law § 284, while leaving paragraph (i) of that subdivision intact. Paragraph (ii) provides that "[a]n owner of an interim multiple dwelling who has not complied with the requirements of paragraph (i) * * * by the effective date of [the amendment] shall hereafter be deemed in compliance with this subdivision” if the owner conforms to the paragraph’s new timetable for legalization, under which the date for *52 compliance by commercial loft owners with requirements for conversion to residential use is extended to October 1, 1995 (Multiple Dwelling Law § 284 [1] [ii]). The decision below holds that the 1992 amendments to the Loft Law are applicable "retroactively” to enable landlord, although not in compliance with the legalization timetable contained in paragraph (i) of Multiple Dwelling Law § 284 (1), to nevertheless maintain this proceeding for nonpayment of preamendment rent notwithstanding the bar of Multiple Dwelling Law § 302, because he has timely satisfied the legalization timetable of new paragraph (ii).
We reverse. The 1992 amendments to Multiple Dwelling Law § 284 cannot be fairly construed to permit landlords who have not complied with the legalization process and timetable set forth in Multiple Dwelling Law § 284 (1) (i) to collect rent accruing prior to their effective date. Retroactive application would violate the extensive reliance placed on the law as it previously stood, disturb vested rights secured by prior final judgments, and bestow an undeserved benefit upon noncomplying landlords by the simple expedient of belatedly filing an alteration application. In addition, the construction of paragraph (ii) adopted below renders meaningless the provisions of paragraph (i) of Multiple Dwelling Law § 284 (1) — which the Legislature allowed to remain in the statute without any change in its language — in the face of the well-settled principle that all parts of a statute must be harmonized and meaning given to every word (People v Mobil Oil Corp., 48 NY2d 192, 199).
Moreover, a number of other settled rules of statutory construction impel the conclusion that the 1992 amendments operate prospectively only. The words "hereafter deemed in compliance” used in the statute imply prospective, not retroactive, operation (McKinney’s Cons Laws of NY, Book 1, Statutes § 51 [b], at 91; Matter of President of Del. & Hudson Canal Co., 129 NY 105, 112). Where the Legislature directs that a law is to "take effect immediately” it is not retroactive, nor is it retroactive beyond the date it is declared effective (McKinney’s Cons Laws of NY, Book 1, Statutes § 51 [b], at 92). The amendments to Multiple Dwelling Law § 284 sub judiee contain both of these indications. Nor are amendatory statutes to be retroactively applied in the absence of a clear direction to the contrary (McKinney’s Cons Laws of NY, Book 1, Statutes § 52); there is no such direction here and, in fact, the available legislative history suggests a prospective applica *53 tion only.* Finally, statutes affecting substantive or antecedent rights, as in this case, are not to be retroactively applied (McKinney’s Cons Laws of NY, Book 1, Statutes § 53). The statute under review does not affect procedure but substance —the right of a noncomplying landlord under the Multiple Dwelling Law, articles 7-C and 8, to collect rent. Since article 7-C (the Loft Law) provides an exception to the overriding public policy expressed in article 8 that an owner-landlord cannot recover rent or maintain an action or special proceeding therefor where a structure is occupied as a dwelling without the residential certificate of occupancy which signifies compliance with all applicable building, fire and safety codes, the amendments under consideration should not be construed to expand such exception to absolve loft building owners from the consequences of noncompliance.
Landlord is thus precluded from pursuing a possessory claim for unpaid rent accruing prior to the effective date of the 1992 amendments under the newly added paragraph (ii) of Multiple Dwelling Law § 284 (1). However, such claim may yet be enforceable under paragraph (i), if it can be established that landlord, who has by now obtained a temporary certificate of occupancy for the premises, took all "reasonable and necessary action” or was prevented from timely doing so by circumstances not of his making and beyond his control (Cromwell v Le Sannom Bldg. Corp., 171 AD2d 458). Accordingly, the matter is remanded for trial of this and all other issues raised by the pleadings.
Parness, J. P., Miller and McCooe, JJ., concur.

The Assembly, State of New York, Record of Proceedings, June 29, 1992.