OPINION OF THE COURT
Richard F. Braun, J.
This is a summary holdover proceeding. Petitioner alleges that respondent tenant Paul Grassfield does not maintain his primary residence in the subject premises. Petitioner contends that therefore respondent tenant and respondent undertenant Leslie Nolen (sued as Nolan) should be evicted from the subject premises. Respondent undertenant has moved for leave to assert a cross claim against respondent tenant, and to participate in petitioner’s deposition of respondent tenant and/or to depose him in her own right. The proposed cross claim is based on the contentions of respondent undertenant in her first affirmative defense that she sublet the subject loft premises from respondent tenant and that he is an illusory tenant and an illegal rent profiteer (see, Matter of Avon Furniture Leasing v Popolizio, 116 AD2d 280 [1st Dept 1986]), and that he overcharged her in the amount of $37,500, which amount should be trebled to $112,500, plus interest and attorney’s fees.
A cross claim may contain any cause of action that one defendant has against another defendant (CPLR 3019 [b]). In a special proceeding, a respondent is equivalent to a defendant (CPLR 105 [b]). A summary holdover proceeding is a special proceeding (RPAPL 711 [2]).
An answer in a summary proceeding may contain any defense or counterclaim (RPAPL 743). A cross claim cannot be asserted in a special proceeding without leave of court (Matter of Hyde Park Assocs. v Higgins, 191 AD2d 440, 442 [2d Dept *33 1993]; Matter of Williams v Rensselaer County Bd. of Elections, 98 AD2d 938, 939 [3d Dept 1983]). As a summary holdover proceeding is a special proceeding, leave of court is required to assert a cross claim in such a proceeding (Balaban v Phillips, 138 Misc 2d 990, 993 [Civ Ct, NY County 1988]).
The maximum monetary jurisdictional limit of the Civil Court of the City of New York is $25,000 (CCA 202). The court has jurisdiction over counterclaims without regard to amount (CCA 208 [b]; 211). No similar provision of law exists exempting the interposition of a cross claim in an action or proceeding in Civil Court from the $25,000 limitation. Thus, the branch of the motion by respondent undertenant for leave to assert the cross claim must be denied because it exceeds the subject matter jurisdictional limit of this court.
As to the portion of the motion which requests discovery, disclosure in a summary proceeding can only be obtained by court order, except for a notice to admit under CPLR 3123 (CPLR 408). Petitioner has been given leave of court in a separate order to depose respondent tenant in this summary holdover proceeding based on nonprimary residence because petitioner has shown ample need therefor (see, Hartsdale Realty Co. v Santos, 170 AD2d 260 [1st Dept 1991]), and a request for such relief in this type of summary proceeding should be liberally reviewed {90th Realty Co. v Winter, NYLJ, July 28, 1994, at 22, col 1 [App Term, 1st Dept]). The information that respondent undertenant seeks in support of her illusory tenancy defense is mostly within the knowledge of respondent tenant, including whether he gave up his primary residence in the subject premises years ago and has been illegally profiting from subletting the loft while holding on to the apartment in the hope of receiving a substantial buyout from petitioner. Therefore, respondent undertenant has shown ample need for her disclosure request (Rubino v Eberle, NYLJ, Jan. 18, 1990, at 24, col 1 [Civ Ct, NY County, Tom, J.]; see, Savarese Real Estate v Stone, NYLJ, June 19, 1985, at 6, col 2 [App Term, 1st Dept]). Thus, respondent undertenant will be given leave to conduct the discovery sought.
If petitioner proceeds to depose respondent tenant, respondent undertenant has the right to appear at the deposition and question respondent tenant (CPLR 3113 [c]; Freisinger v Reibach, 254 App Div 575 [2d Dept 1938]). Alternatively, respondent undertenant can notice her own deposition of respon *34 dent tenant, but, if petitioner notices its deposition of said party, petitioner shall have priority because petitioner’s order was promulgated first.