■ In the Matter of 902 ASSOCIATES, Appellant, v NEW YORK CITY LOFT BOARD et al., Respondents. [646 NYS2d 4] —Order,

Supreme Court, New York County (Beatrice Shainswit, J.), entered February 28, 1995, unanimously vacated, the proceeding treated as one transferred to this Court pursuant to CPLR 7804 (g), and, upon such transfer and review, the determination of respondent Loft Board denying petitioner's application to "de-cover" respondent Estrada's residential unit confirmed, the petition denied, and the proceeding dismissed, without costs.

The IAS Court having improperly entertained the issue of substantial evidence (CPLR 7804 [g]), this Court will treat the substantial evidence issue de novo and treat the proceeding as if it had been properly transferred (*Matter of Jimenez v Popolizio*, 180 AD2d 590).

We reject petitioner landlord's claim that the Loft Board was without authority to direct a deed declaration concerning respondent's lot-line windows since the Loft Board's interpretation of its own regulations should be upheld if not irrational or unreasonable (*see, Matter of Johnson v Joy*, 48 NY2d 689, 691). The regulation in question here requires the owner and the occupant to make every effort to permit every covered unit, such as respondent's herein, to be made code compliant. While deed restriction is not one of the enumerated alternatives in the regulation, there is no showing that the enumerated options were intended to be the exclusive means of bringing about the desired result. The Loft Law (Multiple Dwelling Law art 7-c) is to be liberally construed to spread its beneficial effects as widely as possible (*Matter of Association of Commercial Prop. Owners v New York City Loft Bd.*, 118 AD2d 312, 318, *affd* 71 NY2d 915; *see, Ostrer v Schenck*, 41 NY2d 782, 785-786).

Finally, based on the expert testimony provided at the hearing, it is clear that substantial evidence supports the Loft Board's conclusion that the deed restriction along with appropriate application to the Department of Buildings were likely to result in code compliance, resulting in coverage of the affected unit. Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.