■ In the Matter of ALAN FEIERSTEIN, Appellant, v DAVID KLASFELD, as Chair of the New York City Loft Board, et al., Respondents. [679 NYS2d 397] —Judgment (denominated an order), Supreme Court, New York County (Robert Lippmann, J.), entered March 18, 1997, unanimously vacated, on the law, the proceeding treated as one transferred to this Court pursuant to CPLR 7804 (g) and, upon such transfer and review, the determination of respondent Loft Board denying petitioner's application for a hardship exemption based upon adverse impact is confirmed, the petition denied and the proceeding dismissed, without costs.

Since review of respondent's determination presents a substantial evidence question, the proceeding should have been transferred to this Court pursuant to CPLR 7804 (g), and we treat the proceeding as if it had been (*see, Matter of 902 Assocs. v New York City Loft Bd.*, 229 AD2d 351). Respondent's determination that legalization will not have an adverse impact on petitioner's recording studio business, an existing nonresidential conforming use occupant, is supported by substantial evidence, including the sound tests conducted by petitioner's own expert, which, in respondent's expert opinion, either failed to show, in the case of one residential unit, levels of sound penetration exceeding Code limits, or showed, in the case of the other two units, levels that were susceptible to reduction within Code limits, "given a little effort on the part of [petitioner]". We will not reject respondent's finding that petitioner's sound tests did not replicate actual recording session sounds, and there is no evidence in the record to support petitioner's claim that the parties and the Hearing Examiner agreed to a sound test not conducted during an actual recording session. Petitioner's claims that the necessary residential renovations will unreasonably disrupt his business, and that the inability of his business to expand will result in the elimination of existing jobs, are undermined by the fact that petitioner expanded into the first floor and basement space while his hardship application was pending. We have considered petitioner's remaining contentions and find them unavailing. Concur—Milonas, J. P., Rosenberger, Williams, Tom and Saxe, JJ.