■ In the Matter of DANIEL PELLI, Appellant, v NEW YORK CITY LOFT BOARD, Respondent. [774 NYS2d 492]—

Determination by respondent (Order No. 2624), dated April 24, 2001, after a hearing, and affirmed in pertinent part by Order No. 2738, dated June 25, 2002, which found that petitioner landlord had harassed his tenants by unreasonably and willfully interfering with the use of their loft, and imposed a fine of $4,500 for five violations of the unreasonable interference rules, unanimously confirmed, the petition denied and the proceeding (transferred to this Court by order of Supreme Court, New York County [Barbara Kapnick, J.], entered October 8, 2002) dismissed, without costs.

The determination was supported by substantial evidence (*Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]). The record, including inferences and assessment of credibility, provides ample evidence of petitioner's disregard of his obligations under the narrative statement and plans submitted to support legalization of the interim multiple dwelling loft building, constituting multiple violations of the unreasonable interference provisions of the New York City Loft Board Regulations (29 RCNY 2-01 [h]). Moreover, we note that in another appeal decided herewith regarding this landlord, these tenants and the same premises (*Matter of Byrne v Board of Stds. & Appeals of City of N.Y.*, 5 AD3d 261 [2004]), this Court affirmed Supreme Court's revocation of the premises' certificate of occupancy based on a record revealing this petitioner landlord's failure to address a number of conditions he was specifically directed to remedy.

We reject petitioner's contention that he was deprived of due process by the Loft Board's holding that filing a separate harassment application was not necessary. Such determination was neither irrational nor unreasonable (*see Matter of 902 Assoc. v New York City Loft Bd.*, 229 AD2d 351, 352 [1996]), since section 2-01 (h) provides that a harassment finding may be made in conjunction with an unreasonable interference determination.

Nor did the prior settlement in a noncompliance proceeding preclude the tenants from bringing their own application since they had reserved their right to bring a new proceeding in connection with items not completed in the legalization process.

We have considered petitioner's remaining arguments and find them to be unavailing. Concur—Tom, J.P., Mazzarelli, Ellerin, Lerner and Marlow, JJ.