Matter of 475 Kent Owner, LLC v New York City Loft Bd. (2022 NY Slip Op 03568)

Matter of 475 Kent Owner, LLC v New York City Loft Bd.

2022 NY Slip Op 03568

Decided on June 02, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 02, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Rodriguez, Higgitt, JJ. 

Index No. 152193/21 Appeal No. 16063 Case No. 2021-03899 

[*1]In the Matter of 475 Kent Owner, LLC, Petitioner-Appellant,
v
New York City Loft Board et al., Respondents-Respondents.

Rosenberg & Estis, P.C., New York (Jeffrey Turkel of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Amy McCamphill of counsel), for New York City Loft Board, respondent.
Ween & Kozek, PLLC, Brooklyn (Michael P. Kozek of counsel), for Rune Knudsen, respondent.

Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about October 7, 2021, denying the petition to annul the determination of respondent New York City Loft Board, dated April 23, 2o20, which, after a hearing, granted respondent tenant's application for protected occupancy status, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously reversed, the judgment vacated, the petition treated as having been transferred to this Court for review, and, upon such review, the determination confirmed, the petition denied, and the proceeding dismissed, without costs.
Because the petition raised an issue of substantial evidence, it should have been transferred to this Court (CPLR 7804[g]; Matter of Crawford v Brezenhoff, 187 AD3d 598, 598 [1st Dept 2020]). We will treat it as though it had been transferred and dispose of all the issues.
The Loft Board's determination was not affected by an error of law (see CPLR 7803[3]) insofar as it ruled that, for purposes of his application for protected tenancy status (see Multiple Dwelling Law § 286[2][i]; 29 RCNY 2-09[b][4]), the tenant, who was holding a 10-year B-1/B-2 temporary business and tourist visa, could seek to demonstrate that his interim multiple dwelling unit was his primary residence by showing an "unusual circumstance" in which "h[is] principal dwelling place for immigration purposes is in one place, and h[is] primary residence for rent regulation purposes [is] in another" (Katz Park Ave. Corp. v Jagger, 11 NY3d 314, 317 [2008]; see 8 USC § 1101[a][15][B], [33]; compare Tres Realty LLC v Ta-Wei Yu, 63 Misc 3d 28, 30-31 [App Term, 1st Dept 2019] [foreign national holding F-1 student visa proved "unusual circumstance"]; but see Goldwater v Amicus Assoc. L.P., 168 AD3d 405, 405-406 [1st Dept 2019] [rent stabilized unit not primary residence where tenant deducted rent as corporate expense, since "[a] party to litigation may not take a position contrary to a position taken in an income tax return"] [internal quotation marks omitted]; Matter of Ansonia Assoc. L.P. v Unwin, 130 AD3d 453 [1st Dept 2015]).
The determination granting protected occupancy status to the tenant is supported by substantial evidence (see CPLR 7803[4]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-231 [1974]; Matter of Pelli v New York City Loft Bd., 5 AD3d 268, 268 [1st Dept 2004]). The record includes the tenant's unrebutted testimony and ample documentation tending to show that his primary residence was the interim multiple dwelling unit in petitioner's building throughout the course of several years (see generally Emay Props. Corp. v Norton, 136 Misc 2d 127, 129 [App Term, 1st Dept 1987]). That there was also in the record evidence to the contrary is of no moment, since "[t]he courts may not weigh the evidence or reject the choice made by [the administrative agency] where the evidence is conflicting [*2]and room for choice exists" (Matter of Berenhaus v Ward, 70 NY2d 436, 444 [1987] [internal quotation marks omitted]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2022