OPINION OF THE COURT
Seymour Schwartz, J.
In this holdover proceeding, respondent tenant moves to dismiss the petition on the grounds of documentary evidence and for partial summary judgment on her claim of rent overcharge or, alternatively, for a stay pending a determination by the Loft Board of the overcharge claim. Petitioner landlord cross-moves for summary judgment, use and occupancy, and attorney’s fees, or, alternatively, to strike or sever tenant’s affirmative defenses and counterclaim.
*1133 At issue here is whether the premises, a loft in an interim multiple dwelling pursuant to article 7-C of the Multiple Dwelling Law, was removed from rent stabilization by virtue of landlord’s purchase of the fixtures and improvements installed by a predecessor tenant, or by that tenant’s conduct.
The landlord and predecessor tenant’s negotiations regarding sale of the fixtures resulted in a stipulation wherein the fixtures would be sold in consideration of forgiving rent arrears of $5,617.50 plus the return of a $2,250 security deposit and payment of $200 cash, a total consideration of $8,067.50. The stipulation was never signed by the predecessor tenant, who vacated several months later owing $8,600 in rent. Landlord thereupon commenced a nonpayment proceeding. Predecessor tenant defaulted, and landlord obtained a judgment of possession only.
Landlord argues that although the stipulation was never executed, a constructive contract was in fact performed in that tenant received $8,600 consideration in forgiven rent in exchange for title to the fixtures.
The purpose behind Multiple Dwelling Law § 286 (6), which decontrols the premises if the outgoing tenant sells his fixtures to the landlord, "was to avoid windfall to owners”, by allowing the landlord to seize the fixtures once the premises are vacant. (Krax Peripatie Apanu Stu Krokodrilos Tus Platos v Dexter, 124 Misc 2d 381, 383 [1984].) However, if the tenant were allowed to vacate without selling the fixtures, and thereby maintain the premises at a regulated rent, the tenant would reap an economic windfall for himself and a windfall for future tenants, at the landlord’s expense: the landlord would lose both the unpaid rent and the prospective differential between fair market value and the regulated rent.
The purpose in providing for purchase of fixtures is to assure fairness for the tenant and to avoid a windfall to the landlord. But where negotiations for sale are initiated and not completed and tenant abandons the premises owing substantial rent without availing herself of the right to enforce a fair market price in law, then the purpose of the protective provisions of the Loft Law have been served and the premises are decontrolled.
The premises were decontrolled, as agreed to in the lease between landlord and the present tenant, which expired on May 31, 1986.
Landlord’s motion for summary judgment is granted.
*1134 Tenant is ordered to pay use and occupancy arrears since June 1, 1986 at the lease rate of $1,000 per month, without prejudice. An immediate hearing is ordered on the issue of fair market value of use and occupancy, and on the amount of attorney’s fees.
Tenant’s motion and counterclaim for attorney’s fees are dismissed as moot.