In the Matter of PERLROSE REALTY CORP., Respondent, v NEW YORK CITY LOFT BOARD, Appellant, et al., Respondents.

First Department, February 9, 1989

**APPEARANCES OF COUNSEL**

*Ronnie Dane* of counsel *(Pamela Seider Dolgow* with her on

the brief; *Peter L. Zimroth, Corporation Counsel,* attorney), for appellant.

*David R. Brody* of counsel *(Suzanne R. Albin* with him on the brief; *Finkelstein, Borah, Schwartz, Altschuler & Goldstein, P. C.,* attorneys), for respondent.

## OPINION OF THE COURT

SULLIVAN, J.

In this CPLR article 78 proceeding the landlord challenges a Loft Board determination, after a hearing, fixing the value of improvements added by the tenant to the loft unit and finding the landlord guilty of harassment based on its offer to buy the improvements for an amount far below market value. The motion court upheld the Loft Board's determination as to the value of the improvements, but remanded the matter to the State Division of Housing and Community Renewal* for a rehearing with respect to the charge of harassment, finding "that the record contains insufficient evidence of [the owner's] bad faith." By grant of leave, the Loft Board appeals from so much of the order as directed a remand with respect to the finding of harassment. Inasmuch as we do not believe that a specific finding of bad faith is required to establish that the landlord has engaged in harassment, which is sufficiently demonstrated in this record, we reverse and reinstate the Loft Board's determination in its entirety.

It should be noted at the outset that the authority of the Loft Board to promulgate Sales of Improvements regulations *(see,* Multiple Dwelling Law § 286 [6]) is not an issue in this case, only the Board's interpretation of its own regulation. Multiple Dwelling Law § 286 (6) provides that a qualified residential tenant "may sell any improvements to the unit made or purchased by him to an incoming tenant provided, however, that the tenant shall first offer the improvements to the owner for an amount equal to their fair market value". New York City Loft Board Regulations (Relating to Sales of Improvements) § IV (A) (1) *(see also,* NY City Loft Bd Regs [Relating to Harassment of Occupants] § III [F] [7], eff Apr. 20, 1987) provides in relevant part: "Filing of an application which is found by the Loft Board to be frivolous may constitute harassment, with the consequences provided in Section

---

* The remand to the State Division of Housing and Community Renewal appears to be an error. Any remand should have been to the Loft Board.

III (E) herein. An objection to the sale may be found to be frivolous on grounds including, but not limited to, the following: that it was filed without a good faith intention to purchase the improvements at fair market value or that the owner's valuation of the improvements has no reasonable relationship to the fair market value, as determined by the Loft Board."

As can readily be discerned from a reading of the regulation, bad faith is not a prerequisite to a finding of harassment. Rather, all that is required is a showing that the owner's valuation of the improvements did not have a reasonable relation to their fair market value. Moreover, the regulation clearly contemplates that a finding of harassment be left to the sound discretion of the Loft Board. Whether an owner's undervaluation of improvements rises to the level of harassment depends on the facts of each individual case. Here, the landlord's original appraisal of $8,500, and the subsequent amended appraisal of $15,000, arrived at only after the Loft Board's expert had testified and at the landlord's behest, are not even close to the Loft Board's finding of a fair market value of $33,907. In addition, the Loft Board found that the inspection upon which the appraisals were based and at which the landlord was present was "done in a casual, off-hand way" and that the appraisals were "at best *ad hoc* valuations, which reflect neither a credible nor consistent response to the matter to be appraised." The Board also found that "[t]he appraisal was made without any reference to the improvements claimed by [the tenant]". Thus, the finding of harassment was not based on a mere difference of opinion as to value, as the motion court found.

The landlord complains that it does not know whether "the standard to be applied is a difference in dollars between the Landlord's valuation and the Board's valuation, a difference in percentage between the two, or the method of appraisal used by the Landlord's appraiser." While all of these considerations may be relevant to a determination by the Loft Board as to whether the landlord's valuation has any reasonable relationship to fair market value and whether a finding of harassment is warranted, it should be noted that in this case, the landlord's valuation of $8,500 represented barely 25% of fair market value and was more than $25,000 below the $33,907 fair market value found by the Loft Board. Moreover, given its finding as to the inadequacy of the landlord's appraisal, the Loft Board was amply justified in holding that "[u]nder these

circumstances the disparity between the owner's appraisals and the fair market value of the improvements compels findings that the owner's application is frivolous and constitutes harassment under the regulations."

The remand for a rehearing on the question of bad faith cannot be legally justified. Nothing in the language of section IV (A) (1), or the memorandum accompanying its promulgation, or the statutory authority for the regulation, imposes any requirement that the Loft Board make a finding of "bad faith" to sustain a finding of harassment by virtue of an unreasonable valuation of improvements. Rather, the regulation provides that the Loft Board may find an application to be frivolous where the landlord's valuation of improvements has no reasonable relationship to fair market value. The regulation further provides that the filing of a frivolous application "may" constitute harassment. Indeed, by specifically providing that the Loft Board may find an application frivolous if it was filed "without a good faith intention to purchase the improvements at fair market value" or "the owner's valuation of the improvements has no reasonable relationship to the fair market value", the regulation made a clear distinction between the two situations. Lack of good faith is not required when the landlord's valuation has no reasonable relationship to the fair market value of the improvements. Indeed, certain Loft Board regulations dealing with harassment and promulgated after the events of this case, effective April 20, 1987, do require an element of willfulness before a landlord may be found guilty of harassment. *(See, e.g.,* NY City Loft Bd Regs [Relating to Harassment of Occupants] § III [F] [3] [finding that landlord has "wilfully violated" the code compliance timetable or has violated the timetable more than once may be considered evidence of harassment]; § III [F] [5] [finding of "unreasonable and wilful interference" with an occupant's use of the unit may be evidence of harassment]; § III [F] [6] ["wilful violation" of minimum housing and maintenance standards may be considered as evidence of harassment].) Thus, the regulation's omission of a "bad faith" requirement in the case of a landlord's unreasonable valuation of improvements is hardly a drafting oversight.

In upholding the Loft Board's finding as to fair market value, the court deferred to agency "interpretation and application of its legislative mandate" in the absence of arbitrary and capricious action. *(See, Matter of Lower Manhattan Loft Tenants v New York City Loft Bd.,* 104 AD2d 223, 224-225,

*affd* 66 NY2d 298; *Matter of Howard v Wyman*, 28 NY2d 434, 438.) Just as the fair market value of improvements is a question within the peculiar competence of the Loft Board, the issue of whether the disparity between the landlord's valuation and the fair market value rises to a level of harassment should be left to its sound discretion for determination on a case-by-case basis. A finding of harassment would of course, be subject to review for arbitrariness and capriciousness. *(See, Matter of Pell v Board of Educ.*, 34 NY2d 222, 230-231.)

In sum, the plain language of New York City Loft Board Regulations (Relating to Sales of Improvements) § IV (A) (1), as well as the deterrent purpose to be served by its promulgation, i.e., discouraging frivolous objections to sales of improvements, supports the Loft Board's finding of harassment in this case. Neither the landlord's $8,500 valuation of the improvements nor his belated $15,000 offer had a reasonable relationship to their fair market value, which was determined by the Loft Board to be $33,907. Hence, the Loft Board's determination of harassment should be upheld and the petition dismissed.

Accordingly, the order of the Supreme Court, New York County (Helen Freedman, J.), entered March 6, 1987, which granted the petition to the extent of remanding the matter for a rehearing with respect to the charge of harassment, should be reversed, on the law, without costs or disbursements, the petition dismissed and the Loft Board's determination confirmed in its entirety.

ELLERIN and SMITH, JJ., concur with SULLIVAN, J; KUPFERMAN, J. P., and KASSAL, J., dissent and would affirm for the reasons stated by FREEDMAN, J.

Judgment, Supreme Court, New York County, entered on March 6, 1987, reversed, on the law, without costs and without disbursements, the petition dismissed and the Loft Board's determination confirmed in its entirety.