■ In the Matter of JOHNNY SWING, Appellant, v NEW YORK CITY LOFT BOARD et al., Respondents.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered on December 6, 1990, which denied petitioner's application pursuant to CPLR article 78 to annul respondent's determination denying petitioner a rent adjustment on the ground that the subject premises are decontrolled as a result of a constructive purchase pursuant to Multiple Dwelling Law § 286 (6), and denied petitioner's separate motion for a turnover of rent paid into the Civil Court, New York County, without prejudice to renewal in that court, unanimously affirmed, without costs.

Here, as in *Moskowitz v Cartwright* (135 Misc 2d 1132), the loft landlord was deemed to have constructively purchased a prior tenant's loft fixtures when the prior tenant abandoned the fixtures and the loft with rent unpaid in an amount exceeding the fair market value of the fixtures. Relying on *Moskowitz* and one of its own prior determinations, respondent Loft Board concluded that there was a constructive purchase of the fixtures pursuant to Multiple Dwelling Law

§ 286 (6) entitling the landlord to decontrol. The construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld *(Matter of Lower Manhattan Loft Tenants v New York City Loft Bd.,* 104 AD2d 223, *affd* 66 NY2d 298). We agree with the IAS court that the Loft Board's construction of the statute, relying on *Moskowitz* and its own prior determination, was not unreasonable, and find each of petitioner's policy arguments to be without merit.

It was not an abuse of discretion for the IAS court to refer to the Civil Court the final determination of whether rent paid into that court should be turned over to petitioner, since this pending Civil Court matter could decide the issue dispositively *(see, Ansonia Assocs. v Costa,* 167 AD2d 134).

We have not considered petitioner's argument that regulations promulgated pursuant to Multiple Dwelling Law § 286 (12) are *ultra vires,* since the Loft Board disclaimed any reliance on these regulations in making the challenged determination. Similarly, we decline to reach petitioner's argument that decontrol is precluded by the landlord's harassment, such having been raised for the first time in the article 78 proceeding *(Matter of Fanelli v New York City Conciliation & Appeals Bd.,* 90 AD2d 756, 757, *affd* 58 NY2d 952). In any event, the facts giving rise to the constructive purchase occurred three years before the Board's determination of harassment. Concur —Sullivan, J. P., Carro, Rosenberger, Kassal and Rubin, JJ.