■ In the Matter of CHI JUNG CHIANG, Petitioner, v LOFT BOARD OF THE CITY OF NEW YORK et al., Respondents. [604 NYS2d 78] —Determination of the respondent New York City Loft Board dated September 26, 1991, which declared the subject premises an interim multiple dwelling subject to article 7-C of the Multiple Dwelling Law (Loft Law), unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Peter Tom, J.], entered June 10, 1992), dismissed, without costs.

Respondent's determination that the premises was in part

the subject of residential occupancy during the statutory "window period" (Multiple Dwelling Law § 281 [1]) is supported by substantial evidence.

Since respondent is the body responsible for administering the Loft Law, its construction of that statute, if not irrational or unreasonable, should be upheld. Here, respondent's interpretation that the Loft Law (Multiple Dwelling Law § 281 [1] [i]) does not require that each unit residentially occupied during the window period be converted from manufacturing, commercial or warehouse use is neither irrational nor unreasonable (Matter of Swing v New York City Loft Bd., 180 AD2d 529, 530).

We have considered the remaining arguments, and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Rubin, JJ.