OPINION OF THE COURT
Lucy Billings, J.
At the conclusion of a hearing on April 25, 2000, in this commercial holdover proceeding, the court found that petitioner purchased the fixtures in respondent’s loft unit from the outgoing tenant in 1988 for fair market value. This purchase of interim multiple dwelling (IMD) unit improvements removed the unit from rent regulation. (Multiple Dwelling Law § 286 [6].)
If, however, a landlord is found to have committed harassment under the New York City Loft Board rules, the landlord “shall not be entitled to decontrol of or market rental for any IMD unit for which a sale of improvements pursuant to [Multiple Dwelling Law] § 286(6) * * * takes place in the IMD where the harassment occurred.” (29 RCNY 2-02 [d] [1] [i]; see Matter of Lower Manhattan Loft Tenants v New York City Loft Bd., 157 AD2d 611, 614 [1st Dept 1990].) A Loft Board finding of wilful or repeated violation of the code compliance timetable for IMDs (Multiple Dwelling Law § 284 [1]; 29 RCNY 2-01 [c]) “may be considered as evidence of harassment.” (29 RCNY 2-02 [c] [6] [iii]; Matter of Perlrose Realty Corp. v New York City Loft Bd., 145 AD2d 159, 162 [1st Dept 1989].)
Here, respondent claims that since 1982 petitioner wilfully or repeatedly failed to comply with its obligation to legalize the residential use of the loft building where respondent resides. (Multiple Dwelling Law § 284 [1]; 29 RCNY 2-01 [c].) If this conduct amounted to harassment, then when petitioner in 1988 purchased the outgoing tenant’s fixtures in respondent’s current unit at market value, pursuant to Multiple Dwelling Law § 286 (6), the harassment restricted petitioner’s entitlement to decontrol of the unit.
I. Jurisdiction
*850 While the Loft Board makes findings regarding violations of the code compliance timetable for IMDs (Multiple Dwelling Law § 284 [1]; 29 RCNY 2-01 [c]), the court also may find violations of the code compliance timetable. A finding of noncompliance by the Loft Board is not “a prerequisite to a determination of noncompliance by a court.” (County Dollar Corp. v Douglas, 161 AD2d 370, 371 [1st Dept 1990].) “Unless the Legislature has expressed an explicit intention to vest exclusive original jurisdiction in the administrative agency,” the court has concurrent jurisdiction. (Id.)
The question in this proceeding is whether the court has concurrent jurisdiction also to find harassment under the Loft Board rules. (29 RCNY 2-02 [b], [d] [1].) Once the Loft Board has made an administrative determination that a landlord has committed harassment, the court must defer to the Board’s sound discretion. (Perlrose Realty Corp. v New York City Loft Bd., 145 AD2d at 161.) The court then lacks jurisdiction to make a determination of harassment in the first instance. This deference, however, does not preclude the court’s determination of harassment when the Loft Board has never ruled on the issue.
The tenant is entitled to claim any defenses he may have to this eviction proceeding, where the landlord claims decontrol of respondent’s unit upon the predecessor tenant’s sale of her improvements to the landlord. One such defense is the statutory and regulatory bar against the landlord availing himself of the decontrol provision if he has been found to have engaged in harassment. (Multiple Dwelling Law § 286 [6]; 29 RCNY 2-02 [d] [1] [i]; Lower Manhattan Loft Tenants v New York City Loft Bd., 157 AD2d at 614.) When presented with this defense, the court may adjudicate whether the landlord has violated the proscription against harassment.
The Loft Board rules support this conclusion. 29 RCNY 2-02 (d) (1) (i) provides that: “An owner found guilty of harassment shall not be entitled to decontrol.” In marked contrast, subdivision (d) (1) (ii) provides that: “A landlord found guilty of harassment by the Loft Board may be liable for a civil penalty.” (29 RCNY 2-02 [d] [1] [ii] [emphasis added].) Although this rule and Multiple Dwelling Law §§ 282 and 284 (1) (ii) empower the Loft Board to impose specific penalties upon finding harassment, the court still has jurisdiction to find harassment and enforce other statutory and regulatory consequences.
This procedure, rather than staying the court proceeding and awaiting the outcome of another proceeding yet to be com *851 menced before the Loft Board, is consistent with the objective of a summary proceeding to provide a simple, short, quick, and efficient determination. Although it requires application of the statutes and regulations governing lofts, it does not require Loft Board expertise to which judicial deference is necessary and which would unnecessarily protract this proceeding. The court in summary proceedings regularly adjudicates disputes that involve interpretation of these laws, whether units are subject to them, and whether units are rent-regulated. While these questions, along with questions as to the current rent, offsets, and abatements for breach of the warranty of habitability, may be determined by the Loft Board, they need not be. (See Dundee Equity Corp. v Johnston, 103 AD2d 692, 693 [1st Dept 1984]; Baxter v Captain Crow Mgt., 128 Misc 2d 254, 261, 263-264 [Sup Ct, NY County 1985].)
II. Time Limitation
Even if this court were to determine that petitioner committed harassment, however, 29 RCNY 2-02 (d) (1) (i) further provides that the limitation on petitioner’s entitlement to decontrol of the unit applies only “to any sale of improvements that takes place on or after the date of the order containing the finding of harassment.” Thus a finding of harassment would nullify petitioner’s entitlement to decontrol only if the decontrol were based on a sale occurring after the court’s finding and not on a sale in 1988.
This time limitation on harassment findings comports with the further Loft Board rule that allows a landlord who has been found to have committed harassment to seek a termination of the finding and its consequences. (29 RCNY 2-02 [d] [2]; Lower Manhattan Loft Tenants v New York City Loft Bd., 157 AD2d at 614-615; Krax Perapatie Apanu Stu Krokodrilos Tus Platos v New York City Loft Bd., 157 AD2d 611 [1st Dept 1990].) Thus, after the finding is made, the landlord may cure his conduct and become entitled anew to decontrol of a unit if he later purchases its improvements. Retroactive application of a harassment finding to a prior sale would deny the landlord any opportunity to remedy the consequences of his conduct, as permitted by this rule.
III. Conclusion
For this reason, respondent may not claim protection of the rent stabilization laws (McKinney’s Uncons Laws of NY § 8621 et seq. [Emergency Tenant Protection Act of 1974; L 1974, ch 576, § 4]; Rent Stabilization Law of 1969 [Administrative Code *852 of City of NY] § 26-504) requiring grounds to terminate his tenancy other than expiration of the parties’ rental agreement. (Rent Stabilization Code [9 NYCRR] § 2524.2.) The court therefore denies his motion for partial summary judgment on that ground.