OPINION OF THE COURT
Peter M. Wendt, J.
Petitioner commenced the instant nonpayment proceeding by service of notice of petition and petition on or about March 26, 2002 to recover the subject premises. The petition stated that the subject apartment is exempt from rent regulation because the maximum legal rent on or after April 1, 1994 was more than $2,000 per month and the apartment became vacant and was rerented after April 1, 1994, and after the monthly *520 legal rent had reached $2,000. Respondent filed a pro se answer on or about April 8, 2002, alleging improper service of the pleadings and conditions in the apartment as well as counterclaims for rent overcharge and breach of warranty of habitability. Thereafter, after brief motion practice, petitioner filed an amended petition and respondent, through counsel, filed an amended answer.
The amended petition alleged the subject apartment was not subject to rent regulation because the unit is located in a former interim multiple dwelling (hereinafter IMD) which, pursuant to Multiple Dwelling Law § 286 (12) and New York City Loft Board Regulations (29 RCNY) § 2-10 (c), has been deregulated by the landlord’s acquisition of the rights of the protected occupant of the premises. The amended answer contained a general denial and alleged that the court lacked personal jurisdiction over the respondent as the pleadings were improperly served pursuant to Real Property Actions and Proceedings Law § 735 (1). Moreover, respondent asserted affirmative defenses which allege: (1) that the subject apartment is protected by both the Rent Stabilization Law (hereinafter RSL) and Rent Stabilization Code (hereinafter RSC) with a lawful rent at less than $2,000 per month; (2) that petitioner violated the warranty of habitability pursuant to Real Property Law § 235-b, by permitting conditions to exist in the subject apartment on or before August 2001, thus entitling respondent to a rent abatement; and (3) that the outstanding rent claimed has been paid, in whole or in part. Respondent also interposed counterclaims of rent overcharge and breach of warranty of habitability.
Respondent now moves pursuant to CPLR 3212 (a) for an order granting summary judgment in favor of respondent and dismissing the petition. Petitioner cross-moves pursuant to CPLR 409 (b) and 3212 (b) for an order granting summary judgment in favor of petitioner and awarding petitioner a final judgment of possession. Petitioner also seeks all rent due through June 30, 2002. Petitioner also cross-moves in the alternative for dismissal of the respondent’s first affirmative defense and first counterclaim. Lastly, petitioner cross-moves for an order directing respondent to pay use and occupancy pendente lite.
Pursuant to CPLR 3212, a grant of summary judgment is permissible in cases where there is clearly no material and triable issue of fact presented. (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957]; Di Menna & Sons v City of *521 New York, 301 NY 118 [1950].) Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue (Rotuba Extruders v Ceppos, 46 NY2d 223 [1978]).
To obtain summary judgment, the moving party must make a prima facie showing to the court that as a matter of law it is entitled to judgment in its favor. (Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065 [1979]; CPLR 3212 [b].) The role of the motion court is merely one of issue finding, not issue determination. (Rose v Da Ecib USA, 259 AD2d 258 [1st Dept 1999]; Pirrelli v Long Is. R.R., 226 AD2d 166 [1st Dept 1996].) The court must view the evidence in the light most favorable to the opposing party and draw all reasonable inferences in the opposing party’s favor. (Assaf v Ropog Cab Corp., 153 AD2d 520 [1st Dept 1989].)
After a careful review of all the papers submitted by both parties, it is evident to the court that respondent’s motion for summary judgment must be denied and petitioner’s cross motion for summary judgment granted in part.
Respondent alleges that he is entitled to summary judgment dismissing the petition because, even assuming the facts as alleged by petitioner to be true, the apartment is rent stabilized. Specifically, respondent argues that a purchase of rights pursuant to Multiple Dwelling Law § 286 (12) is not a deregulating event. Respondent is incorrect on his interpretation of the statute. The mere fact that the building has over six units does not make the subject premises rent regulated under the RSL. The only reason some IMD units which would otherwise be exempt from the RSL are sometimes regulated is article 7-C of the Multiple Dwelling Law.
Multiple Dwelling Law § 286 (12) states that:
“No waiver of rights pursuant to this article by a residential occupant qualified for protection pursuant to this article made prior to the effective date of the act which added this article shall be accorded any force or effect; however, subsequent to the effective date an owner and a residential occupant may agree to the purchase by the owner of such person’s rights in a unit.”
29 RCNY 2-10 (c) (2) states in pertinent part: “If the unit is to remain residential, the owner remains subject to all requirements of Article 7-C * * * except that the unit is no longer subject to rent regulation where the coverage under Article 7-C was the sole basis for such rent regulation.”
*522 Moreover, RSC (9 NYCRR) § 2520.11 (q) exempts from coverage by the RSL: “housing accommodations which would otherwise be subject to rent regulation solely by reason of the provisions of Article 7-C of the MDL requiring rent regulation, but which are exempted from such provisions pursuant to section 286(6) and 286(12) of the MDL.” This section of the RSC provides for both permanent and temporary exemptions from rent stabilization.
The Division of Housing and Community Renewal (hereinafter DHCR) sets forth its interpretation of RSC § 2520.11 (q) in Policy Statement 89-7, stating that when “the owner and tenant, pursuant to section 286(12) of such law agree on terms for the tenant to vacate the housing accommodation, such unit is no longer subject to the Loft Law and, therefore, will not be subject to the RSL.”
Courts have repeatedly upheld construction given statutes and regulations by the agency responsible for their administration, if such construction is not irrational or unreasonable. (See, Matter of Johnson v Joy, 48 NY2d 689 [1979]; Matter of 902 Assoc. v New York City Loft Bd., 229 AD2d 351 [1st Dept 1996]; Matter of Polkabla v Commission for Blind & Visually Handicapped, 183 AD2d 575 [1st Dept 1992]; Matter of Swing v New York City Loft Bd., 180 AD2d 529 [1st Dept 1992]; Matter of Manhattan Loft Tenants v New York City Loft Bd., 104 AD2d 223 [1st Dept 1984].) The Appellate Division, First Department, specifically held in 902 Assoc. v New York City Loft Bd. (supra) that the Loft Board’s interpretation of its own regulations should be upheld if not irrational or unreasonable. Concerning the effect of a sale of rights pursuant to Multiple Dwelling Law § 286 (12) of a unit that was at one time an IMD, both the Loft Board and the DHCR have found that such an event is a deregulating event and the unit after such a sale is no longer subject to rent regulation.
The Loft Board, in a February 3, 1999 revised report and recommendation regarding the subject building, found that the subject apartment was no longer an IMD unit due to the owner filing a Multiple Dwelling Law § 286 (12) sale record. (See, petitioner’s exhibit D.) A sale of article 7-C rights makes the subject apartment a residential unit newly created after January 1, 1974, and thus exempts the subject unit from coverage under the RSL and rent regulation pursuant to Multiple Dwelling Law § 286 (6) and (12). (See, RSC § 2520.11 [q].) Other units in the subject building are regulated and the Loft Board set initial rents for them on February 23,1999. (See, petitioner’s *523 exhibit D.) However, respondent rented the subject apartment with a lease commencing on August 1, 2001, when it was no longer subject to rent regulation. Moreover, the administrative decision of the Loft Board cannot be collaterally attacked in this proceeding. (See, Chatsworth 72nd St. Corp. v Rigai, 74 Misc 2d 298 [App Term, 1st Dept 1973], affd 43 AD2d 685 [1st Dept 1973], affd 35 NY2d 984 [1975].) In addition, since respondent was not the tenant in occupancy when the unit was deregulated it appears that he does not have standing to dispute the Loft Board’s determination.
Based upon the foregoing reasons, the court denies respondent’s motion for summary judgment and grants petitioner’s cross motion for summary judgment in part finding that the subject unit is not subject to rent regulation. This matter is restored to the calendar of Part C of this court, room 844, at 9:30 a.m. on September 9, 2002, for a trial at which the petitioner may seek to establish the balance of its claims and the respondent may present.