*5 OPINION OF THE COURT
Memorandum.
Final judgment unanimously affirmed without costs.
In this commercial summary holdover proceeding, the petition alleges that tenants took possession of the premises known as Lobby No. 2 and Lobby No. 3 at 135 Clinton Street, Hemp-stead, pursuant to a commercial lease commencing May 1, 1996 and ending April 30, 1998, and, after the lease’s expiration, continued in possession as month-to-month tenants. Landlord terminated the tenancy on October 31, 1999 by serving a 30-day notice. Asserting, at trial, that landlord had consented to their residential use of the premises, tenants argued that they were protected under the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4 [ETPA]). After trial, the court rejected tenants’ claim that landlord had consented to their residential use and concluded that, in any event, landlord established that the premises were not designed or used as a housing accommodation and the tenancy was of a commercial nature. Where, on a bench trial, the legal issues turn largely on the evaluation of the credibility of witnesses and on documentary evidence, “the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court’s conclusions could not be reached under any fair interpretation of the evidence” (Fuller Co. v Kensington-Johnson Corp., 234 AD2d 265, 266 [1996] [internal quotation marks omitted]; see also Claridge Gardens v Menotti, 160 AD2d 544, 544-545 [1990]; Harrington v Levitzke, 2 Misc 3d 139[A], 2004 NY Slip Op 50277[U] [App Term, 2d & 11th Jud Dists 2004]), and applying this standard, we affirm.
The court properly rejected tenants’ argument that landlord’s registration of the premises with the Division of Housing and Community Renewal (DHCR) as residential for a portion of the tenancy’s term estops landlord from denying the premises’ rent-regulated status. It is well settled that “coverage under a rent regulatory scheme is governed by statute and cannot be created by waiver or equitable estoppel” (Gregory v Colonial DPC Corp. III, 234 AD2d 419 [1996]; see also Ruiz v Chwatt Assoc., 247 AD2d 308 [1998]; Mayflower Assoc. v Gray, NYLJ, Mar. 1, 1994, at 21, col 1 [App Term, 1st Dept]; 57 NY Jur 2d, Estoppel, Ratification, and Waiver § 4 [“Equitable estoppel cannot be applied to create a right that does not already exist, but merely prevents the denial of a right which is claimed to have arisen otherwise”]).
*6 Nevertheless, notwithstanding the commercial nature of a lease, where a landlord “knew of or acquiesced in . . . tenant’s residential use of [a premises]” (U.B.O. Realty Corp. v Mollica, 257 AD2d 460 [1999]; A Real Good Plumber v Kelleher, 191 Misc 2d 94, 96 [App Term, 2d & 11th Jud Dists 2002]), said premises “must be deemed” subject to the relevant regulatory scheme, here the ETPA (Ten Be or Not Ten Be v Dibbs, NYLJ, June 12, 1985, at 24, col 1 [App Term, 1st Dept], affd 117 AD2d 1028 [1986]; see e.g. A Real Good Plumber v Kelleher, 191 Misc 2d 94, 96 [2002], supra). Thus, “a landlord cannot rent premises under a commercial lease with full knowledge that the tenant intends to convert the premises to solely residential use as his primary residence . . . and thereafter avoid the protections afforded to residential tenants under the . . . [ETPA]” (Metzendorf v 130 W. 57 Co., 132 AD2d 262, 265 [1987]). While not dis-positive of the issue, the instant lease’s restriction on the premises’ use to an exclusively commercial purpose is a “factor to be considered in determining [such] issue [ ]” (Benroal Realty Assoc. v Lowe, 2001 NY Slip Op 40016[U], *2 [App Term, 9th & 10th Jud Dists 2001]), and on this record the court properly credited landlord’s evidence that its registration of the premises as residential with the DHCR was inadvertent, and did not reflect landlord’s intent to convert the commercial space to a residential or mixed-use premises subject to rent regulation (Ruiz v Chwatt Assoc., 247 AD2d 308 [1998], supra; Park W. Vil. Assoc. v Leonard, NYLJ, Dec. 6, 1995, at 32, col 1 [App Term, 1st Dept]; see Mesiti v Upam Realty Corp., 185 AD2d 336 [1992] [where a lease “unambiguously stated that the premises were to be used solely for commercial purposes . . . [even if] the [tenant] resided in a portion of the premises, this did not mean that the plaintiff leased a ‘housing accommodation’ subject to rent control”]). Landlord’s commercial premises manager testified that he never consented to the premises’ conversion to residential use and was never aware that the premises was used other than as contemplated by the lease. Indeed, tenants admitted that Lobby No. 2 and No. 3 were not equipped for residential occupancy when they took possession (cf. U.B.O. Realty Corp. v Mollica, 257 AD2d 460 [1999], supra), and that despite landlord’s alleged assurances that residence-related improvements would be made, none were ever carried out. Thus, as tenants’ contrary proof rested on the credibility of their claim that a single, nontestifying and long-departed employee of landlord, whose authority to approve such a conversion landlord specifi *7 cally denied, had verbally authorized tenants’ residential occupancy, and because the court’s rejection of the claim is supported by a fair interpretation of the record, it will not be disturbed on appeal.
The record also supports the court’s determination that tenants did not utilize said premises residentially. Tenant Wayne Lowe conceded that tenants acquired a private home in Hemp-stead, New York, shortly before the instant lease commenced and that within months of the commencement of the lease’s term, the cotenant had vacated the instant premises for the new home. Landlord introduced a number of documents, including business-related forms, evidencing tenants’ use of the private home as their residential address during the term of the instant lease, and landlord’s security employee testified that in the course of numerous evening inspections over a nearly two-year period, he never observed tenants to occupy the instant premises after business hours. It is noteworthy that in rebuttal tenants produced no witness who could testify that tenants spent even a single night at the premises and they introduced no evidence deemed of particular relevance to proof of residency, such as personal tax returns, checking accounts, and voter registration (e.g. Matter of Gracecor Realty Co. v Hargrove, 90 NY2d 350, 355-356 [1997]; Matter of O’Quinn v New York City Dept. of Hous. Preserv. & Dev., 284 AD2d 211 [2001]).
Rudolph, RJ., McCabe and Covello, JJ., concur.