OPINION OF THE COURT
Per Curiam.
Orders, dated January 20, 2004, affirmed, with one bill of $10 costs.
The prediscovery record now before us presents mixed questions of law and fact as to whether respondents “undertenants” qualify for protected status under article 7-C of the Multiple Dwelling Law and, more specifically, as to the viability of respondents’ proffered defense of illusory tenancy. To be sure, the Loft Board, whose interpretation of the applicable subletting rules and regulations promulgated by it (see 29 RCNY 2-09 [b] [3])* is entitled to deference (see Matter of Perlrose Realty Corp. v New York City Loft Bd., 145 AD2d 159, 162 [1989], affd 74 NY2d 783 [1989]), has often found unavailing attempts by loft occupants to invoke an illusory tenancy defense (see e.g. Matter of Vigil, Loft Bd Order No. 1312, 13 Loft Bd Rptr 279 [Feb. 27, 1992]; Matter of Schlesinger, Loft Bd Order No. 1148, 12 Loft Bd Rptr 205 [Jan. 31, 1991]). Contrary to petitioner’s contention, however, a fair reading of the relevant Loft Board decisions does not show that the agency has rejected the illusory tenancy doctrine out of hand (see e.g. Matter of Granet, Loft Bd Order No. 705, 6 Loft Bd Rptr 118 [Dec. 17, 1987] [illusory tenancy found where, inter alia, occupant paid rent directly to and dealt directly with the building owner]; Matter of Sideri, Loft Bd Order No. 1988, 16 Loft Bd Rptr 261 [June 27, 1996] [recognizing applicability of illusory tenancy doctrine in circumstances where a nonoccupying prime tenant acts as agent or alter ego of the owner]).
On this record, a colorable claim of illusory tenancy within the Loft Board’s stated criteria was raised by evidence tending *68 to indicate that the prime tenants of the three loft units here in issue engaged in unlawful rent profiteering after long ago vacating the premises and that petitioner dealt directly with the respondents over the last decade, billing for and collecting electricity charges from at least one of the respondents and designating each of the respondents as a fire marshal on his or her respective floor. We also agree that respondents demonstrated ample need for the disclosure sought in connection with the illusory tenancy issue (see 125 Church St. Dev. Co. v Grass-field, 170 Misc 2d 31 [1996]).
Davis, J.P., and Schoenfeld, J., concur.

 The cited regulation affords protected status to persons who, as respondents herein, entered into possession of loft premises after June 21, 1982, upon a showing that they “took possession, with the consent of the landlord, as a statutory tenant pursuant to Article 7-C, without the issuance of a new lease.”