In the Matter of 315 BERRY STREET CORPORATION, Appellant, v HANSON FINE ARTS et al., Respondents, and JENNIFER KUIPERS et al., Respondents. [835 NYS2d 261]—

In a holdover proceeding, the petitioner appeals, by permission, as limited by its brief, from so much of an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated April 21, 2005 [11 Misc 3d 138(A), 2005 NY Slip Op 52290(U) (2005)] as affirmed so much of an order of the Civil Court of the City of New York, Kings County (Greyshaw, J.), dated August 8, 2003, as denied its motion for summary judgment dismissing the petition and, in effect, upon searching the record, granted summary judgment to the undertenants, Jennifer Kuipers, Sean Renbold, and Miyuki Shibuya, to the extent of determining that the subject premises are subject to the Emergency Tenant Protection Act of 1974

and the New York City Rent Stabilization Law and Code and that the undertenants are the tenants of those premises protected by those laws, and dismissed the petition.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is undisputed that the subject premises contain six or more units being used for residential purposes. The petitioner landlord previously procured the deregulation of the premises under the New York City Loft Law (*see* Multiple Dwelling Law art 7-C) by, inter alia, purchasing the improvements and rights to the unit at issue from the former tenants and representing to the New York City Loft Board that the unit would be used for nonresidential purposes and would not be reconverted to residential use without first complying with all legal requirements therefor. It is further undisputed that the petitioner nevertheless knew of and acquiesced in the unlawful conversion, at the expense of the occupants, of the unit from commercial to residential use, that the applicable zoning generally permits residential use, and that the petitioner sought legal authorization to convert the premises to such use during the pendency of this proceeding. Under these circumstances, the unit at issue was properly determined to be subject to the rent regulations of the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4; McKinney's Uncons Laws of NY § 8621 *et seq.*) and the New York City Rent Stabilization Law and Code (Administrative Code of City of NY § 26-501 *et seq.*; 9 NYCRR 2520.1 *et seq.*) (*see generally Duane Thomas LLC v Wallin*, 35 AD3d 232 [2006]; *Metzendorf v 130 W. 57 Co.*, 132 AD2d 262, 265 [1987]; *Wilson v One Ten Duane St. Realty Co.*, 123 AD2d 198, 200-201 [1987]; *Benroal Realty Assoc., L.P. v Lowe*, 9 Misc 3d 4, 6 [2005]; *A Real Good Plumber v Kelleher*, 191 Misc 2d 94, 96 [2002]; *cf. Wolinsky v Kee Yip Realty Corp.*, 2 NY3d 487 [2004]; *Gloveman Realty Corp. v Jefferys*, 18 AD3d 812 [2005]).

Similarly, the Appellate Term properly applied the doctrine of illusory tenancy to the facts of this case (*see Primrose Mgt. Co. v Donahoe*, 253 AD2d 404, 405 [1998]; *Matter of Avon Furniture Leasing v Popolizio*, 116 AD2d 280, 284 [1986]; *545 Eighth Ave. Assoc., L.P. v Shanaman*, 12 Misc 3d 66 [2006]).

The petitioner's remaining contentions are without merit. Miller, J.P., Mastro, Ritter and Balkin, JJ., concur.