In an action, inter alia, for a judgment declaring that the subject premises were covered by, and the plaintiffs’ tenancies were protected by, the Emergency Tenant Protection Act of 1974 (McKinney’s Uncons Laws of NY § 8621 et seq. [L 1974, ch 576]), the Rent Stabilization Law (Administrative Code of City *707 of NY § 26-501 et seq.), and the Rent Stabilization Code (9 NYCRR 2520.1-2531.9), which was consolidated with two related holdover proceedings, the defendant appeals (1) from a decision of the Supreme Court, Kings County (Kramer, J.), dated February 16, 2006, (2), as limited by its brief, from stated portions of an order of the same court dated March 27, 2006, which, inter alia, upon reargument, (a) vacated so much of an order of the same court dated August 18, 2005, as granted those branches of its motion which were for summary judgment, in effect, declaring that the premises of the plaintiff Eric Bennett were not covered by, and his tenancy was not protected by, the Emergency Tenant Protection Act of 1974, the Rent Stabilization Law, and the Rent Stabilization Code, for summary judgment dismissing the second and third causes of action of the amended complaint insofar as asserted by that plaintiff, and for summary judgment on its first counterclaim, and thereupon denied those branches of its motion, and (b), in effect, vacated so much of the order dated August 18, 2005, as denied those branches of the cross motion of the plaintiff Eric Bennett which were for summary judgment declaring that his premises were covered by, and his tenancy protected by, the Emergency Tenant Protection Act of 1974, the Rent Stabilization Law, and the Rent Stabilization Code, and for summary judgment dismissing the first counterclaim, and thereupon granted those branches of the cross motion, and (3) from so much of an order of the same court dated September 8, 2006, as denied those branches of its motion which were, in effect, to vacate stated portions of the order dated March 27, 2006, and for leave to renew that branch of its prior motion which was for summary judgment on its second and third counterclaims, which had been denied in the order dated August 18, 2005.
Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,
Ordered that the order dated March 27, 2006, is reversed insofar as appealed from, on the law, upon reargument, the determinations in the order dated August 18, 2005, granting those branches of the defendant’s motion which were for summary judgment, in effect, declaring that the premises of the plaintiff Eric Bennett were not covered by, and his tenancy was not protected by, the Emergency Tenant Protection Act of 1974, the Rent Stabilization Law, and the Rent Stabilization Code, for summary judgment dismissing the second and third causes of action of the amended complaint insofar as asserted by that plaintiff, and for summary judgment on its first counterclaim, *708 are adhered to, the determinations in the order dated August 18, 2005, denying those branches of the cross motion of the plaintiff Eric Bennett which were for summary judgment declaring that his premises were covered by, and his tenancy protected by, the Emergency Tenant Protection Act of 1974, the Rent Stabilization Law, and the Rent Stabilization Code, and for summary judgment dismissing the first counterclaim, are adhered to, and the matter is remitted to the Supreme Court, Kings County, for further proceedings, inter alia, on the second and third counterclaims, and for entry thereafter of an appropriate judgment, among other things, declaring that the premises of the plaintiff Eric Bennett are not covered by, and his tenancy is not protected by, the Emergency Tenant Protection Act of 1974, the Rent Stabilization Law, and the Rent Stabilization Code; and it is further,
Ordered that the appeal from so much of the order dated September 8, 2006, as denied that branch of the defendant’s motion which was, in effect, to vacate stated portions of the order dated March 27, 2006, is dismissed as academic in light of our determination of the appeal from the order dated March 27, 2006; and it is further,
Ordered that the order dated September 8, 2006, is affirmed insofar as reviewed; and it is further,
Ordered that one bill of costs is awarded to the appellant.
The plaintiff Eric Bennett occupies a loft unit in a building owned by the defendant. It is undisputed that Bennett’s loft unit was previously subject to rent stabilization under the protection of the Loft Law (Multiple Dwelling Law art 7-C). It is likewise undisputed that prior to the commencement of Bennett’s tenancy, the prior, protected tenant of that unit sold his fixtures and his rights under the Loft Law to the defendant’s predecessor-in-interest pursuant to Multiple Dwelling Law § 286 (6) and (12).
Bennett, as well as another tenant in the defendant’s building who is not a party to this appeal, commenced this action against the defendant, inter alia, seeking a declaration that their units were covered by, and their respective tenancies were protected by, the Emergency Tenant Protection Act of 1974 (McKinney’s Uncons Laws of NY § 8621 et seq. [L 1974, ch 576]), the Rent Stabilization Law (Administrative Code of City of NY § 26-501 et seq.), and the Rent Stabilization Code (9 NYCRR 2520.1-2531.9) (hereinafter collectively the ETPA). The plaintiffs also asserted a second cause of action, seeking a judgment directing the defendant to issue the plaintiffs rent-stabilized leases, as well as a third cause of action, seeking to recover alleged rent *709 overcharges. In its answer, the defendant asserted three counterclaims against Bennett. The first sought the ejectment of Bennett from the subject premises, the second sought to recover outstanding rent, and the third sought to recover the value of Bennett’s use and occupancy of the premises following the termination of his lease.
Initially, in an order dated August 18, 2005, the Supreme Court, among other things, granted those branches of the defendant’s motion which were for summary judgment, in effect, declaring that Bennett’s premises were not covered by, and his tenancy was not protected by, the ETPA, for summary judgment dismissing the second and third causes of action insofar as asserted by Bennett, and for summary judgment on its first counterclaim which sought the ejectment of Bennett. The court also denied those branches of Bennett’s cross motion which were for summary judgment declaring that his premises were covered by, and his tenancy protected by, the ETPA, and for summary judgment dismissing the first counterclaim. Upon re-argument, however, the Supreme Court, in an order dated March 27, 2006, vacated so much of its order dated August 18, 2005, as granted the above-described branches of the defendant’s motion and thereupon denied those branches of the motion, and, in effect, vacated so much of the order dated August 18, 2005, as denied the above-described branches of Bennett’s cross motion and thereupon granted those branches of the cross motion. In an order dated September 8, 2006, the Supreme Court, inter aha, denied that branch of the defendant’s motion which was for leave to renew that branch of its prior motion which was for summary judgment on its second and third counterclaims, which had been denied in the order dated August 18, 2005. The defendant appeals.
The former owner’s purchase of the rights and improvements in Bennett’s loft unit exempted the unit from the provisions of the Loft Law providing for rent regulation (see 29 RCNY 2-10 [c] [2]; 19 W 36th Holding Corp. v Parker, 193 Misc 2d 519 [2002]). Under certain limited circumstances, it is possible for a loft unit to be subject to rent regulation under the ETPA despite having been deregulated under the Loft Law (see Caldwell v American Package Co., 57 AD3d 15 [2d Dept 2008]; Matter of 315 Berry St. Corp. v Hanson Fine Arts, 39 AD3d 656 [2007]). Specifically, ETPA protection may be available to a converted commercial unit where the tenant can establish that the owner “knew of and acquiesced in the unlawful conversion, at the expense of the occupants, of the unit from commercial to residential use, that the applicable zoning gener *710 ally permits residential use, and that the [owner] sought legal authorization to convert the premises to such use during the pendency of [the] proceeding” (Matter of 315 Berry St. Corp. v Hanson Fine Arts, 39 AD3d at 657). However, if any of these factors is absent, the ETPA is inapplicable (see Caldwell v American Package Co., 57 AD3d 15 [2008]).
The record demonstrates that, unlike the owner in 315 Berry St., the defendant in this case did not know of, or acquiesce in, a conversion of the subject unit, at Bennett’s expense, from commercial to residential use. Indeed, no such conversion occurred; the conversion of the unit was undertaken at the expense of Bennett’s predecessor, who then sold his fixtures and his Loft Law rights to the defendant’s predecessor.
Thus, in the order dated March 27, 2006, made upon reargument, the Supreme Court erred in finding that Bennett’s tenancy was subject to rent regulation. Instead, the court should have adhered to its original determinations in the order dated August 18, 2005, inter alia, granting those branches of the defendant’s motion which were for summary judgment, in effect, declaring that Bennett’s premises were not covered by, and his tenancy was not protected by, the ETPA, for summary judgment dismissing the second and third causes of action insofar as asserted by Bennett, and for summary judgment on the defendant’s first counterclaim.
In the order dated August 18, 2005, the Supreme Court determined that there existed triable issues of fact as to whether the defendant took all reasonable and necessary action to obtain a certificate of occupancy, which would permit it to recover from Bennett outstanding rent and the value of his use and occupancy of the subject unit (see Multiple Dwelling Law § 284 [1] [i]; § 285 [1]; §§ 301, 302 [1] [b]; Cromwell v Le Sannom Bldg. Corp., 171 AD2d 458 [1991]; 471 Broadway, LLC v Schwartzwald, 2002 NY Slip Op 50115[U] [App Term, 1st Dept 2002]). The defendant presented no new facts or legal authority that would warrant a different determination. Accordingly, in the order dated September 8, 2006, the Supreme Court properly denied that branch of the defendant’s motion which was, in effect, for leave to renew that branch of its prior motion which was for summary judgment on its second and third counterclaims.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, inter alia, for entry of an appropriate judgment (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Prudenti, P.J., Mastro, Lifson and Santucci, JJ., concur.