■ SOUTH ELEVENTH STREET TENANTS ASSOCIATION et al., Appellants, v DOV LAND, LLC, Respondent. [872 NYS2d 514]—

In an action, inter alia, for a judgment declaring that the plaintiffs' illegally converted loft apartments are subject to rent stabilization protections pursuant to, among other statutes and regulations, the Emergency Tenant Protection Act of 1974, the plaintiffs appeal from an order of the Supreme Court, Kings County (Rothenberg, J.), dated January 16, 2008, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiffs, residential tenants of six illegally converted lofts and a local tenants association (hereinafter together the tenants), commenced this action seeking rent stabilization protections pursuant to the Emergency Tenant Protection Act of 1974 ([EPTA], as added by L 1974, ch 576, § 4 [McKinney's Uncons Laws of NY § 8621 *et seq.*]), the Rent Stabilization Law (Administrative Code of City of NY § 26-501 *et seq.*), and the Rent Stabilization Code (9 NYCRR 2520 *et seq.*). It is undisputed that the lofts are not covered by the Loft Law (Multiple Dwelling Law art 7-C). The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint and the tenants appeal. We reverse and deny the motion.

In the recent case of *Caldwell v American Package Co., Inc.* (57 AD3d 15, 23 [2008]), this Court explained that ETPA protections are available to tenants of illegally converted lofts not subject to the Loft Law only in the very limited circumstances where "the owner acquiesced in the unlawful conversion, undertaken at the expense of the occupants, the premises were otherwise eligible for residential use by reason of the applicable zoning, and the owner, during the pendency of the proceeding in which the tenant sought ETPA protection, actually sought to legalize the residential use."

Here, the tenants contend that the defendant's predecessor

knew of, witnessed, and encouraged their residential use of the premises for over 20 years, and that the conversions were undertaken at their own expense. They further contend that the current zoning applicable to the lofts permits residential occupancy. On its motion for summary judgment, the defendant failed to dispute these contentions. The defendant further represented that it was in the process of taking all steps necessary to obtain a residential certificate of occupancy to legalize the premises. Accordingly, this may be a rare case in which such illegally-converted lofts are properly afforded ETPA protection (*see Wolinsky v Kee Yip Realty Corp.,* 2 NY3d 487 [2004]; *Caldwell v American Package Co., Inc.,* 57 AD3d 15 [2008]; *Matter of 315 Berry St. Corp. v Hanson Fine Arts,* 39 AD3d 656 [2007]). Since the defendant failed to meet its burden of establishing its entitlement to judgment as a matter of law, its motion for summary judgment should have been denied (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Florio, J.P., Covello, Balkin and Leventhal, JJ., concur.