■ In the Matter of 315 BERRY STREET CORPORATION, Appellant, v JAMES HUANG et al., Respondents. (Proceeding No. 1.) In the Matter of 315 BERRY STREET CORPORATION, Appellant, v SCOTT ZOLTON et al., Respondents. (Proceeding No. 2.) In the Matter of 315 BERRY STREET CORPORATION, Appellant, v DANIEL ROSENBAUM et al., Respondents. (Proceeding No. 3.) [901 NYS2d 862]—

In three related summary holdover proceedings, the petitioner appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts, dated April 7, 2008, which, inter alia, (a) reversed three judgments of the Civil Court of the City of New York, Kings County (Marton, J.), all entered January 6, 2004, which, upon an order of the same court (Lebovits, J.), dated January 23, 2003, granting its cross motion for summary judgment and, in effect, denying the tenants' motion for summary judgment dismissing the petitions, were in favor of the petitioner, among other things, awarding it possession of the subject premises, and (b) granted the tenants' motion for summary judgment dismissing the petitions and denied its cross motion for summary judgment.

Ordered that the order dated April 7, 2008, is affirmed, with costs.

The Appellate Term properly reversed the judgments of possession issued by the Civil Court of the City of New York, Kings County, granted the tenants' motion for summary judgment dismissing the petitions, and denied the petitioner/owner's cross motion for summary judgment. The tenants' submissions and the evidence at the framed-issue hearing established that "the owner acquiesced in the unlawful conversion, undertaken at the expense of the occupants, the premises were otherwise eligible for residential use by reason of the applicable zoning, and the owner, during the pendency of the proceeding in which the tenant[s] sought . . . protection [under the Emergency Tenant Protection Act], actually sought to legalize the residential use" (*Caldwell v American Package Co., Inc.*, 57 AD3d 15, 23 [2008]; *see South Eleventh St. Tenants Assn. v Dov Land, LLC*, 59 AD3d 426 [2009]; *Matter of 315 Berry St. Corp. v Hanson Fine Arts*, 39 AD3d 656 [2007]; *cf. Bennett v Hawthorne Vil., LLC*, 56 AD3d 706 [2008]). Accordingly, the tenants were entitled to renewal leases in accordance with the Emergency Tenant Protection Act

of 1974 (McKinney's Uncons Laws of NY § 8621 *et seq.* [L 1974, ch 576, sec 4, § 1 *et seq.*, as amended]), the Rent Stabilization Law (Administrative Code of City of NY § 26-501 *et seq.*), and the Rent Stabilization Code (9 NYCRR 2520.1 *et seq.*). Covello, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.