Meserole A-B 81-93 Equities Corp., Respondent,
against
Lorae Russo, Appellant, et al., Undertenants. 




Thomas J. Hillgardner, Esq., for appellant.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C. (Paul N. Gruber of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Marc Finkelstein, J.), entered September 25, 2018, deemed from a final judgment of that court entered September 25, 2018 (see CPLR 5512 [a]). The final judgment, entered pursuant to the September 25, 2018 order denying tenant's motion for a stay and other relief, and granting landlord's cross motion for summary judgment, awarded landlord possession in a holdover summary proceeding.




ORDERED that the final judgment is affirmed, without costs.
In this holdover proceeding, landlord alleges that tenant held over after the expiration of her month-to-month oral tenancy, and tenant asserts that she has protected- occupant status under article 7-C of the Multiple Dwelling Law (Loft Law) or rent stabilization coverage under the Emergency Tenant Protection Act of 1974 (ETPA) (L 1974, ch 576, § 4, McKinney's Uncons Laws of NY § 8621 et seq.). Tenant moved for, among other things, a stay pending the determination of her application to the Loft Board for protected-occupant status, and landlord cross-moved for summary judgment on the ground that the prior tenant of the premises had executed a sale of her Loft Law rights and, pursuant to Appellate Division, Second Department, precedent, the apartment is not eligible for rent-stabilization coverage. In opposition to landlord's [*2]cross motion, tenant's attorney argued that the prior tenant's testimony was needed in order to determine whether the sale of rights was valid. The Civil Court denied tenant's motion and granted landlord's cross motion. A final judgment was entered pursuant to the order, awarding landlord possession. 
On appeal, tenant argues that the court improvidently exercised its discretion in denying tenant's motion for a stay pending the Loft Board's determination of her application; that the unit is subject to rent stabilization because the building was constructed before 1974 and contains six residential units; and that the Civil Court improperly granted landlord summary judgment, due to the missing testimony of the prior tenant who had executed the allegedly invalid sale of her Loft Law rights. 
With respect to coverage issues that are within the special competence of the Loft Board, the Loft Board has primary jurisdiction and the courts have concurrent jurisdiction (see EPDI Assoc. v Conley, 7 AD3d 755 [2004]; Eli Haddad Corp. v Redmond Studio, 102 AD2d 730[1984]). The doctrine of primary jurisdiction "comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body" (Matter of Neumann v Wyandanch Union Free School Dist., 84 AD3d 816, 818 [2011] [internal quotation marks omitted]). Here, tenant fails to make a showing of a likelihood of success on any issues that are within the Loft Board's special competence. The issue of whether, after a sale of rights, a unit is subject to any regulation under the Loft Law or rent stabilization has been decided by the courts numerous times (see e.g. Acevedo v Piano Bldg., LLC, 70 AD3d 124 [1st Dept 2009]; Bennett v Hawthorne Vil., LLC, 56 AD3d 706 [2d Dept 2008]). The remainder of tenant's contentions—that the sale of rights was unsigned, that there was insufficient consideration paid to the prior tenant, and that there is an issue as to whether landlord had complied with the law in filing the sale of rights—were asserted in a conclusory manner, and tenant failed to support those claims factually or legally. Consequently, the Civil Court did not improvidently exercise its discretion in denying tenant's motion to stay the proceeding for the resolution of tenant's Loft Board application.
The Appellate Division, Second Department, in Caldwell v American Package Co., Inc. (57 AD3d 15, 23 [2009]), held that lofts are not subject to rent stabilization except in very limited circumstances, in part because the "Loft Law would have been unnecessary if protection for the residents of such premises was already available under ETPA." In a subsequent Appellate Division, Second Department, case, Bennett (56 AD3d at 706), which, as here, involved a tenant seeking rent-stabilized protection after a sale of rights, the Court continued to assert the limited application of the ETPA with regard to premises formerly subject to the Loft Law.
"The former owner's purchase of the rights and improvements in Bennett's loft unit exempted the unit from the provisions of the Loft Law providing for rent regulation (see 29 RCNY 2-10 [c] [2]; 19 W. 36th Holding Corp. v Parker, 193 Misc 2d 519 [2002]). Under certain limited circumstances, it is possible for a loft unit to be subject to rent regulation under the ETPA despite having been deregulated under the Loft Law (see [*3]Caldwell v American Package Co., 57 AD3d 15 [2d Dept 2008]; Matter of 315 Berry St. Corp. v Hanson Fine Arts, 39 AD3d 656 [2007]). Specifically, ETPA protection may be available to a converted commercial unit where the tenant can establish that the owner 'knew of and acquiesced in the unlawful conversion, at the expense of the occupants, of the unit from commercial to residential use, that the applicable zoning generally permits residential use, and that the [owner] sought legal authorization to convert the premises to such use during the pendency of [the] proceeding' (Matter of 315 Berry St. Corp. v Hanson Fine Arts, 39 AD3d at 657). However, if any of these factors is absent, the ETPA is inapplicable (see Caldwell v American Package Co., 57 AD3d 15 [2008]). The record demonstrates that, unlike the owner in 315 Berry St., the defendant in this case did not know of, or acquiesce in, a conversion of the subject unit, at Bennett's expense, from commercial to residential use. Indeed, no such conversion occurred; the conversion of the unit was undertaken at the expense of Bennett's predecessor, who then sold his fixtures and his Loft Law rights to the defendant's predecessor" (Bennett, 56 AD3d at 709-710). As we are bound by the Second Department holdings in Caldwell and Bennett, tenant's argument that the unit may be covered by rent stabilization because the building was constructed before 1974 and contains six or more residential units must fail (cf. Acevedo, 70 AD3d at 124). 
Finally, tenant's argument that the Civil Court improperly granted landlord summary judgment due to the missing testimony of the prior tenant is meritless. Tenant failed to move for leave to conduct discovery, and "[t]he mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the motion" (Kimyagarov v Nixon Taxi Corp., 45 AD3d 736, 737 [2007]; see 885 Park Ave. Brooklyn, LLC v Goddard, 55 Misc 3d 74, 78 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Here, tenant failed to submit any evidence that the alleged "missing witness" would have testimony which would have defeated landlord's cross motion for summary judgment.
Accordingly, the final judgment is affirmed.
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 03, 2020